THOMAS J. COULTER, PROSECUTOR, v. STATE BOARD OF TAX APPEALS AND THE CITY OF JERSEY CITY, DEFENDANTS.

Submitted October 7, 1940—Decided March 12, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *Chazin & Chazin* (*Theodore S. Chazin*, of counsel).

For the defendants, *James A. Hamill* (*Frank P. McCarthy*, of counsel).

The opinion of the court was delivered by

HEHER, J. The question here is whether five parcels of land—four of which were improved—situate in the City of Jersey City, have been assessed in excess of true value for the purpose of taxation for the year 1939. The assessments were affirmed by the County Board of Taxation. The State

Board of Tax Appeals reduced three of the assessments and affirmed the others.

It is said that the latter tribunal "erred in failing to make allowance for the marked decline in the values of real estate" during the period from 1926 to 1939, and also "in disregarding *bona fide* sales of adjacent comparable properties" tending to show that the assessments under consideration "greatly exceeded" the "true market value" of the subject-matter; and that the reductions granted "were entirely inadequate." We entertain the view that the prosecutor has not sustained the *onus* of proof in this behalf.

The evidence shows that the improvements consisted of "warehouses." Testimony was introduced by prosecutor that "comparable properties" in the vicinity had been sold at prices ranging between $1.20 and $.47 per square foot; and the contention is made that the true value of the assessed lands does not exceed $1 per square foot. The assessments represent appraisements running from $3 to $3.76 per square foot. The municipality educed evidence of a "comparable" sale of lands nearby in December, 1934, at the rate of $5.25 per square foot. Prosecutor discounts this sale on the ground that the lands are located "at the exit of the Holland Tunnel," and were purchased by the Standard Oil Company for use as a gasoline station, and such a purchaser "would very likely pay much more than the property was actually worth in order to secure the location for itself." It is maintained that the assessed lands are "not adaptable for" such use, and the sale thus invoked is "isolated," and therefore not "comparable."

This sale cannot be so readily rejected. It would seem to be a more certain index of value than the sales adduced by prosecutor, for it reflects factors of value more or less permanent that extend beyond the lands sold and embrace also the lands assessed. Under all the circumstances, we find in the evidence no basis for the conclusion that injustice has been done by the valuations under review. This question is one for the experienced judgment of the local taxing authority and the county and state tax boards; and we perceive no indication of a disregard of the constitutional and statutory

standard in the exercise of the authority committed to them. Compare *Colonial Life Insurance Company of America* v. *State Board of Tax Appeals,* decided this day, 126 *N. J. L.* 126.

The judgment is accordingly affirmed, but without costs.